United States Courts
Southern District of Texas
FILED

APR 1 3 2004

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| ARTHUR C. HYPOLITE, BERNARD GARRETT, and WILLIE PRATT, <br><br>  Plaintiffs, <br><br> v. <br><br> THE CITY OF HOUSTON, TEXAS, A Municipality, <br><br>  Defendant. | CIVIL ACTION H-04-1468 <br><br> A Jury Is Requested |

## PLAINTIFFS HYPOLITE, GARRETT AND PRATT'S ORIGINAL COMPLAINT

Arthur C. Hypolite, Bernard Garrett and Willie Pratt, plaintiffs, complain of the City of Houston, Texas, and in support of their claims for relief assert the following.

**1.**

### Jurisdiction and Venue

1.1  This action arises under the laws of the United States of America.

1.2  The jurisdiction of this court is invoked in accordance with the provisions of 28 U.S.C. § 1331, federal question; 28 U.S.C. § 1343, civil rights, and 42 U.S.C. § 2000e-5, unlawful discrimination in employment. This court respectfully is requested to exercise its supplemental jurisdiction, as provided by 28 U.S.C. § 1367, over claims which arise under the common law and statutes of the State of Texas that are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

1.3    Venue properly lies in this court in accordance with the provisions of the General Venue Statute, 28 U.S.C. § 1391(b) and (c), in that the defendant at times material to the action, and at the present time, maintained and maintain contacts in Houston, Harris County, Texas, where the claim arose and where defendant is subject to personal jurisdiction in this court.

### 2.

### Nature of the Claims and Relief Sought

2.1 This action is brought by three employees of the City of Houston, Texas, who complain of a persistent pattern and practice of racial discrimination and retaliation in employment and violation of their right to make common cause, petition and advocate on a matter of public interest, the policy and practice of the City of Houston, Texas, to intentionally discriminate against African-American employees generally, and particularly in the Planning and Development, Public Works and Engineering, Human Resources and Houston Airport System Departments.

2.2 Each of the three plaintiffs seeks declaratory and injunctive relief to vindicate his legal and civil rights and preclude further acts of discrimination, retaliation, and violation of First Amendment Rights, recovery of lost pay and benefits, compensatory and punitive damages, and the costs of this action, including a reasonable attorney's fee and the reasonable and necessary expenses of the lawsuit.

### 3.

### The Parties

3.1 Arthur C. Hypolite, Bernard Garrett and Willie Pratt are adult African-American citizens of the United States and the State of Texas, employed by the City of Houston, Texas, as community service inspectors. Each resides within the City of Houston, Texas.

3.2 The City of Houston, Texas, is a municipality, organized and operated under the laws of the State of Texas.

**4.**

**General Statement of Facts**

4.1 The City of Houston, Texas, has maintained, and maintains, a policy and practice of discriminating in employment against African-Americans generally, and particularly within the Departments of Planning and Development, Public Works and Engineering, Human Resources and Houston Airport System.

4.2 The existence of the policy is evident by the long-standing, plainly evident and widespread practice of unlawfully discriminatory conduct and by the acquiescence of officials of the City of Houston with delegated authority to make and enforce policies respecting employment, including, but not limited, to the Mayor, Director of the Department of Planning and Development, Director of the Human Resources Department, Director of the Houston Airport System, Director of Public Works and Engineering and the City Attorney.

4.3 Each of the plaintiffs is a well-qualified and experienced community services inspector and has served in that or similar capacity for many years with the City of Houston.

4.4 Each of the plaintiffs personally has been subjected to numerous instances of racial discrimination and retaliation in the terms and conditions of his employment with the City of Houston, Texas, dating back to as long as 1998.

4.5 On or about February 24, 2001, as a result of the continuing policy and practice of the City of Houston, Texas, to discriminate against African-Americans, each of the plaintiffs was

adversely affected by the said policy and practice by being denied promotion to the position of senior inspector.

4.6 Each of the plaintiffs complained of such discrimination by filing a sworn charge of discrimination, on or about April 30, 2001, with the United States Equal Employment Opportunity Commission (EEOC) and the Texas Commission on Human Rights (TCHR).

4.7 On or about July 26, 2001, the EEOC issued a determination in connection with the charges filed by the plaintiffs and others, finding reasonable cause to believe that the City of Houston, Texas, had violated Title VII and implementing regulations.

4.8 Conciliation attempts by the EEOC were not successful, and on or about November 20, 2001, the EEOC terminated its conciliation efforts with no plaintiff being a party to any conciliation agreement.

4.9 The plaintiffs, together with others, filed a lawsuit in federal court, seeking relief for their claims of racial discrimination and retaliation.

4.10 The lawsuit was dismissed without prejudice on a finding that the plaintiffs in that suit had failed to exhaust administrative remedies because they had not obtained, prior to the filing the lawsuit, a notice of right to sue from the United States Department of Justice.

4.11 Each of the plaintiffs has engaged in petitioning for relief of the course of unlawful discrimination and retaliation by internal grievances, statements to advocacy organizations, charges to the EEOC and TCHR, and lawsuits in the federal courts of the United States.

4.12 The acts of the City of Houston, Texas, through its officers, agents and attorneys proximately have damaged each of the plaintiffs by loss of pay and benefits, emotional distress,

humiliation, damage to personal reputation, damage to professional reputation, loss of earning capacity, loss of enjoyment of life, and in other ways.

4.13 Each of the plaintiffs, within 300 days of a continuing unlawful act of racial discrimination or retaliation, filed a sworn charge with the EEOC.

4.14 In investigating some of the charges made by the plaintiffs, the EEOC has determined that there is reason to believe that each of the plaintiffs has been retaliated against by the City of Houston, Texas, for engaging in conduct protected by Title VII of the Civil Rights of 1964, as amended.

4.15 Plaintiff Hypolite has received from the United States Department of Justice a notice of his right to sue under TitleVII of the 1964 Civil Rights Act.

4.16 This action is brought within 90 days of receipt by Plaintiff Hypolite of the notice from the United States Department of Justice.

4.17 The investigation by the EEOC of other charges brought by the plaintiffs has terminated, and the City of Houston has given clear indication that it will not participate in any efforts to conciliate any of the claims of the plaintiffs.

4.18 Issuance of notices of right to sue under Title VII of the 1964 Civil Rights Act charges other than the retaliation charges by Plaintiff Hypolite has been or is being requested by the plaintiffs, and plaintiffs, having exhausted available remedies with the EEOC, are entitled under the law to issuance of such notices.

4.19 Plaintiffs are suing jointly to present their similar claims and in the interest of efficiency, expediency, economy and judicial convenience.

4.20 Since issuance of all required notices will or should have been made by the time that the defendant is required to appear and answer in this action, the court should allow the action to proceed in behalf of all the plaintiffs, or, alternatively, hold the action in suspense pending the issuance of all required notices.

## 4A.

## Special Statement of Facts – Hypolite

4A.1 Since his initial complaints of racial discrimination, Plaintiff Hypolite has been subjected by the City of Houston to continuing and pervasive acts of retaliation.

4A.2 With respect to unwarranted reprimands and other disciplinary actions, Plaintiff Hypolite filed a sworn charge of discrimination with the EEOC within 300 days of one of the acts of continuing discrimination and retaliation.

4A.3 On or about September 29, 2003, the EEOC issued a determination that there is reasonable cause to believe that the City of Houston, Texas, retaliated against Plaintiff Hypolite in violation of Title VII of the 1964 Civil Rights Act as amended, and its implementing regulations.

4A.4 On or about October 17, 2003, the EEOC determined that its efforts at conciliation were not successful and referred the matter to the United States Department of Justice for a determination of whether the Justice Department would sue in behalf of Plaintiff Hypolite or would issue to Plaintiff Hypolite a notice of right to sue.

4A.5 The Department of Justice has issued to Plaintiff Hypolite a notice of right to sue, and this action is brought within 90 days of the receipt of that notice by Plaintiff Hypolite.

4A.6 The City of Houston, Texas, has continued to retaliate against Plaintiff Hypolite in retaliation for his having opposed the discriminatory policy and practice of the City of Houston,

Texas, because of his having participated in the enforcement efforts of the EEOC, and because of his exercise of his rights to petition, assemble, and freely advocate in the public interest for the abolishment of invidious racial discrimination within the local government of the City of Houston.

4A.7 The City of Houston, Texas, through its officers, agents and attorneys proximately has damaged and continues to damage Plaintiff Hypolite as set forth in the averments of the preceding sections, which are incorporated herein by reference.

4A.8 Unless made subject to the injunctive orders of this court, the City of Houston, Texas, will continue to discriminate and retaliate against Plaintiff Hypolite in the terms and conditions of his employment, for which Plaintiff Hypolite has no plain and adequate remedy at law.

4A.9 The City of Houston, Texas, through its officers, agents and attorneys has acted with respect to Plaintiff Hypolite with malice and in reckless disregard of his civil and legal rights.

### 4B.

### Special Statement of Facts – Garrett

4B.1 Since his initial complaints of racial discrimination, Plaintiff Garrett has been subjected by the City of Houston to continuing and pervasive acts of retaliation.

4B.2 As part of the continuing acts of discrimination by the City of Houston, Texas, against Plaintiff Garrett, the City has subjected him to acts of harassment and other adverse actions.

4B.3 In April, 2003, Plaintiff Garrett, acting *pro se*, filed a federal lawsuit against the City of Houston, Texas, alleging discrimination and retaliation, after having filed a charge processed by the EEOC.

4B.4 On or about November 12, 2003, the lawsuit was dismissed without prejudice on a finding that Plaintiff Garrett had failed to exhaust administrative remedies by not obtaining from the United States Department of Justice a notice of right to sue.

4B.5 On or about May 12, 2003, Plaintiff Garrett filed another charge of discrimination with the EEOC, after he was discriminatorily, and in retaliation, denied consideration and appointment to available positions within the Aviation Department of the City of Houston, Texas.

4B.6 On or about March 5, 2004, the EEOC issued a determination that there is reasonable cause to believe that the City of Houston, Texas, discriminated and retaliated against Plaintiff Garrett in the manner he claimed and in violation of Title VII of the 1964 Civil Rights Act and implementing regulations.

4B.7 Plaintiff Garrett has requested or is requesting notices of right to sue with respect to the charges filed with the EEOC and he is entitled to the issuance of the notices, the City of Houston, Texas, having at all times refused to conciliate the charges.

4B.8 The City of Houston, Texas, has continued to retaliate against Plaintiff Garrett for his having opposed the discriminatory policy and practice of the City of Houston, Texas, because of his having participated in the enforcement efforts of the EEOC, and because of his exercise of his rights to petition, assemble, and freely advocate in the public interest for the abolishment of invidious racial discrimination within the local government of the City of Houston.

4B.9 The City of Houston, Texas, through its officers, agents and attorneys proximately has damaged and continues to damage Plaintiff Garrett as set forth in the averments of the preceding sections, which are incorporated herein by reference.

4B.10 Unless made subject to the injunctive orders of this court, the City of Houston, Texas, will continue to discriminate and retaliate against Plaintiff Garrett in the terms and conditions of his employment, for which Plaintiff Garrett has no plain and adequate remedy at law.

4B.11 The City of Houston, Texas, through its officers, agents and attorneys has acted with respect to Plaintiff Garrett with malice and in reckless disregard of his civil and legal rights.

### 4C.

### Special Statement of Facts – Pratt

4C.1 Since his initial complaints of racial discrimination, Plaintiff Pratt has been subjected by the City of Houston to continuing and pervasive acts of retaliation.

4C.2 As part of the continuing acts of discrimination by the City of Houston, Texas, against Plaintiff Pratt, the City has subjected him to acts of harassment and other adverse actions, including denial of bereavement leave for the funeral of a close relative.

4C.3 On or about May 12, 2003, Plaintiff Pratt filed another charge of discrimination with the EEOC, after he was discriminatorily, and in retaliation, denied consideration and appointment to available positions within the Aviation Department of the City of Houston, Texas.

4C.4 On or about March 5, 2004, the EEOC issued a determination that there is reasonable cause to believe that the City of Houston, Texas, discriminated and retaliated against Plaintiff Pratt in the manner he claimed and in violation of Title VII of the 1964 Civil Rights Act and implementing regulations.

4C.5 Plaintiff Pratt has requested or is requesting a notice of right to sue with respect to the charges filed with the EEOC and he is entitled to the issuance of the notices, the City of Houston, Texas, having at all times refused to conciliate the charges.

4C.6 The City of Houston, Texas, has continued to retaliate against Plaintiff Pratt in retaliation for his having opposed the discriminatory policy and practice of the City of Houston, Texas, because of his having participated in the enforcement efforts of the EEOC, and because of his exercise of his rights to petition, assemble, and freely advocate in the public interest for the abolishment of invidious racial discrimination within the local government of the City of Houston.

4C.7 The City of Houston, Texas, through its officers, agents and attorneys proximately has damaged and continues to damage Plaintiff Pratt as set forth in the averments of the preceding sections, which are incorporated herein by reference.

4C.8 Unless made subject to the injunctive orders of this court, the City of Houston, Texas, will continue to discriminate and retaliate against Plaintiff Pratt in the terms and conditions of his employment, for which Plaintiff Pratt has no plain and adequate remedy at law.

4C.9 The City of Houston, Texas, through its officers, agents and attorneys has acted with respect to Plaintiff Pratt with malice and in reckless disregard of his civil and legal rights.

## 5.

## First Claim for Relief

## Title VII of the 1964 Civil Rights Act, As Amended

## 42 U.S.C. §§ 2000e, *et seq.*

5.1 The City of Houston, Texas, has discriminated against each plaintiff because of race and has retaliated against each plaintiff, as shown above, all in violation of Title VII of the 1964 Civil Rights Act, as amended, and its implementing regulations.

5.2 Each plaintiff filed a charge of unlawful discrimination and retaliation with the EEOC within 300 days of the date of discrimination or retaliation, or within 300 days of an act of continuing discrimination or retaliation.

5.3 In the case of each plaintiff, as above shown, the EEOC found after its investigation that there is reasonable cause to believe the City of Houston, Texas, violated TitleVII of the 1964 Civil Rights, as amended, and its implementing regulations, with respect to each plaintiff.

5.3 Each plaintiff has obtained or is obtaining a notice of right to sue from the United States Department of Justice.

5.4 Each plaintiff is entitled to declaratory and injunctive relief and an award of back pay and related benefits, compensatory damages to the extent allowed by the applicable law, punitive damages and the recovery of a reasonable attorney's fee and the costs and reasonable expenses of this action.

## 6.

## **Second Claim for Relief**

## **Title VI of the 1964 Civil Rights Act, As Amended**

## **42 U.S.C. § 2000d**

6.1 The City of Houston, Texas, is a willing recipient of federal financial assistance.

6.2 By the acts described above each of the plaintiffs has been denied because of his race full participation and benefit in a program receiving federal financial assistance.

7.

### Third Claim for Relief

### Civil Rights Act of 1866, As Amended

### 42 U.S.C. §§ 1981 and 1981a

7.1 Each of the plaintiffs has been denied the same right to his contract of employment as is enjoyed by White employees of the City of Houston, Texas.

7.2 Full relief should be granted to each plaintiff under the Civil Rights Act of 1866, as amended, to the extent that it is not available under Title VII of the 1964 Civil Rights Act as amended.

8.

### Fourth Claim for Relief

### Ku Klux Klan Act

### 42 U.S.C. § 1985

8.1 Officers, agents and attorneys of the City of Houston, Texas, have conspired to deprive each plaintiff of his civil rights.

8.2 Each plaintiff reserves the right to amend this action to include such officers, agents and attorneys who have participated in the conspiracy for their personal purposes and motivation and against the interests of the citizens of Houston, Texas.

8.3 Upon such amendment, each officer, agent or attorney of the City of Houston, Texas, who had knowledge of the conspiracy and acted in conformance with its discriminatory and retaliatory purpose should be made separately liable to each of the plaintiffs to the extent of the damage proximately caused by the participation of such individual.

9.

## Fifth Claim for Relief

### First and Fourteenth Amendments

### 42 U.S.C. § 1983

9.1 The City of Houston, Texas, by the acts above described has deprived each plaintiff of his First Amendment rights to petition, assemble and freely advocate in the public interest.

9.2 The acts of the City of Houston, through its officers, agents and attorneys, have been accomplished under color and authority of the laws of the State of Texas.

10.

## Fifth Claim for Relief

### Constitution and Common Law of the State of Texas

10.1 To the extent necessary to grant each plaintiff full relief for the violation of his civil rights, this court is authorized to consider and apply the Constitution, statutes and common law of the State of Texas.

## PRAYER

Accordingly, each plaintiff prays that the City of Houston, and any of its officers, agents and attorneys who might be included by subsequent amendment, be cited to appear and answer in this action, that this action be expedited as provided by law, and that upon the findings of the jury, the court grant to each plaintiff a declaration that his rights have been violated, such injunctive orders as might be required to provide each plaintiff full equitable relief, an award of lost pay and related benefits, an award of compensatory damages and punitive damages to the full extent allowed by law,

attorney's fees, costs and reasonable expenses, pre-judgment and post-judgment interest as allowed by law, and all other relief to which each plaintiff might show himself entitled.

Respectfully submitted,

_____
David T. López
Attorney-in-Charge for Plaintiff
S.D. of Texas No. 8467
State Bar of Texas No. 12563000
3900 Montrose Boulevard
Houston, TX 77006-4959
Telephone: 713.523.3900
Telecopier: 713.523.3908
E-mail: dtlopez@lopezlawfirm.com

OF COUNSEL:

DAVID T. LOPEZ & ASSOC.

## Demand for Jury

In the exercise of his rights under the Constitution and laws of the United States, each plaintiff requests that all facts material to his claims be determined by a jury.